IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | No. 21-cv-06471<br><br>Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

    This case involves a species of litigation, common in this District, in which brand owners sue large groups of online merchants for alleged thefts of intellectual property. Plaintiff "XYZ Corporation"—a pseudonym—has sued a group of online merchants that Plaintiff alleges are engaged in ongoing infringement of Plaintiff's trademarks. Most, if not all, of these Defendants are located in China and, due to the sheer number (92) of Defendants, are identified in a separate document entitled "Schedule A." Of present relevance, Plaintiff seeks permission to proceed temporarily under a pseudonym, at least until the Court grants a temporary restraining order and preliminarily restrains assets belonging to Defendants. (Dkt. 1; Dkt. 6; Dkt. 7 at 2 ("Plaintiff is requesting that it be allowed to proceed under a pseudonym until the *ex parte* relief [*i.e.*, a temporary restraining order] can be effectuated[.] . . .").)

    No-name litigation is disfavored in general, and particularly in this Circuit. But so far as the public can tell at this point in the litigation, "Plaintiff XYZ sued Defendants ABC." *XYZ Corp. v. Partn. & Unincorporated Ass'ns Identified on*

*Schedule "A"*, 2020 WL 6681360, at *1 (N.D. Ill. Nov. 12, 2020). Plaintiff takes this approach because, as described below, Plaintiff fears that Defendants will employ various techniques to hide or relocate assets that could eventually be used to satisfy a future judgment in Plaintiff's favor.

As another judge in this District has recognized, the "very first piece of information that a plaintiff shares with the public is its identity." *Id.* Indeed, Rule 10(a) of the Federal Rules of Civil Procedure imposes that requirement on plaintiffs when they file a lawsuit. *Id.*; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.] . . ."). This requirement is not merely about good clerical practices: the Seventh Circuit has "repeatedly voiced [its] disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016) (citation omitted); *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation."); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Plaintiff makes a sincere effort to show exceptional circumstances justifying pseudonymity. Among other things, Plaintiff cites concerns about the potential for

2

Defendants to avoid responsibility for their allegedly infringing conduct. (Dkt. 7 at 3–11.) Plaintiff also contends that some Defendants may use tracking software or hire companies to monitor for the filing of this type of Schedule A case. (*Id.* at 3, 7; *see also* Dkt. 7-1 ¶ 3.) According to Plaintiff, these shadowy vendors alert counterfeiters to the pendency of infringement suits so that the counterfeiters can preemptively hide or expatriate assets that could otherwise be used to satisfy an adverse judgment. (Dkt. 7 at 5; Dkt. 7-1 ¶ 11.)[1]

Plaintiff correctly explains that approval of pseudonymous litigation requires "exceptional circumstances." (*Id.* at 9 (citing cases).) But, although Plaintiff cites concerns that Defendants might "undertake activity designed to frustrate [the non-pseudonymous] Plaintiff's efforts to prosecute this action and collect any potential judgment entered against the Defendants" (*id.* at 10), Plaintiff has failed to demonstrate that the circumstances Plaintiff faces are truly "exceptional" under the governing standard. Because of this shortcoming, Plaintiff is not entitled to proceed under a pseudonym.

Plaintiff's first obstacle is that it does not distinguish this Schedule A case from any of the hundreds of other similar cases filed in this District, nor even from the

---

[1] A significant number of active Schedule A cases is present at any given time on the docket of the Northern District of Illinois. (Whether any of the 93 other federal judicial districts have similarly heavy Schedule A dockets is unclear.) One local firm alone filed more than 500 Schedule A cases in fewer than two years. *See Deckers Outdoor Corp. v. The Partnerships & Unincorporated Ass'ns Identified on Schedule "A"*, 21-cv-04259, Dkt. 24-1 (N.D. Ill. Nov. 1, 2021) (identifying one firm's Schedule A suits filed in the Northern District of Illinois between January 1, 2020 and November 1, 2021). Indeed, one of the twelve Schedule A cases currently pending before this judge was brought by the same brand owner as the Plaintiff seeking pseudonymity here. This proliferation of similar cases has, perhaps inevitably, led to the creation of the above-described system of online vendors seeking to assist alleged online counterfeiters. (Dkt. 7 at 6.)

dozens of active and now-closed Schedule A cases assigned to this judge.[2] It is difficult to perceive any circumstances so exceptional in *this* case as to differentiate it from the hundreds of *other* pending Schedule A cases. To permit pseudonymity/anonymity here, while many other Schedule A plaintiffs proceed under their actual names, would threaten to allow the exception of "exceptional circumstances" to swallow the general rule barring pseudonymity. This is especially so given that the same technology, applications, websites, and vendors of which Plaintiff complains provide information about potential lawsuits in this district regardless of the identity of the Plaintiff. (*See* Dkt. 7-1 ¶ 5.)

A separate barrier to Plaintiff's request to proceed pseudonymously is that, in the ordinary Schedule A case, plaintiffs are routinely permitted to keep the defendants' identities under seal until the plaintiffs' inevitable requests for temporary restraining orders and asset restraints have been adjudicated (and they are nearly always granted). Such relief, when granted, prevents defendants from knowing with certainty that they have been targeted with a lawsuit. Rejecting this approach, Plaintiff contends that the plaintiff- and brand-tracking tools and entities

---

[2] Plaintiff erroneously cites case 21-cv-00631 (the "631 Case") in support of its contention that "courts [in this District] have recently allowed plaintiffs in similar trademark infringement cases to proceed anonymously." (Dkt. 7 at 9 & n.1.) Plaintiff presumably cited the now-closed 631 Case because it was assigned to this judge—the implication apparently being that, if this judge permitted pseudonymity there, pseudonymity should be allowed here, too. But the Court did *not* affirmatively permit the plaintiff in the 631 Case to proceed pseudonymously. The plaintiff provisionally filed its complaint under a pseudonym along with a motion seeking leave to proceed pseudonymously; but, on the same day the case was assigned to this judge, the plaintiff spontaneously filed an amended complaint that included the plaintiff's true name. (*See* case no. 21-cv-00631, Dkt. 1, 9.) That step rendered moot the plaintiff's request to proceed under a pseudonym—meaning that the Court did *not* in fact "allow[] plaintiffs . . . to proceed anonymously."

described above provide another way for defendants to avoid accountability, because a defendant engaged in counterfeiting a particular brand might learn of a new case filed by the brand owner and take preemptive steps to conceal assets threatened by a potential adverse judgment.

There is insufficient evidence, however, that Schedule A defendants are taking advantage of the case-tracking option to such an extent that it is materially impeding brand owners' enforcement efforts. In her Declaration, Ann Marie Sullivan, counsel for Plaintiff, cites examples of situations in which warnings of newly-filed cases were posted (*e.g.*, Dkt. 7-1 ¶¶ 8, 11)—but Plaintiff has not attempted to demonstrate that this activity has led to a measurable diminution of the ability of Schedule A plaintiffs to obtain relief. On the contrary, this Court has not perceived any slackening in the pace of new Schedule A case filings on it docket—which suggests, if only obliquely, that brand owners and their lawyers remain motivated to bring Schedule A cases. If the occasional inability to proceed pseudonymously were material, it should be expected, given the costs of litigation, that brand owners and their lawyers would cease to bring Schedule A cases (or would bring fewer).

In holding that Plaintiff's request to proceed under a pseudonym fails, the Court recognizes that brand owners who seek relief against alleged counterfeiters may be frustrated by the stringent requirements for pseudonymous litigation. But in the absence of a change in binding Seventh Circuit caselaw, changes to the Federal Rules of Civil Procedure, or the creation of an alternative legislative remedy, the current legal framework does not permit pseudonymity without a demonstration of

5

circumstances more exceptional than those presented by Plaintiff. Accordingly, the motion to proceed under a pseudonym is denied.

SO ORDERED in No. 21-cv-06471.

Date: January 20, 2022

JOHN F. KNESS
United States District Judge